STATE OF MAINE                          DISTRICT COURT
KENNEBEC, SS.                           Augusta
                                        Docket No. CR-2014-0958


STATE OF MAINE                )
                              )
                              )
                              )
            v.                )         **Order on Defendant's Motion to Suppress**
                              )
                              )
Franklin Arbour,              )
            Defendant.        )


A hearing was held on the defendant's motion to suppress on July 23, 2015. The
defendant was seeking to suppress statements which he made following his arrest in
the wake of a search warrant which had been executed at his residence, on September
17, 2014.


## STATEMENT OF THE FACTS

On September 17, 2014, officials from the Augusta Police Department executed a search
warrant at the defendant's residence in Augusta, commencing at approximately 4:00
PM. Present in the residence was a woman identified as Angela Sousa. Seized
pursuant to this search warrant was a significant quantity of Heroin, Cocaine and
Marijuana. The defendant was not present at the time of the officer's arrival Ms. Sousa
was asked whether she knew where the defendant was, and was initially released by
the police, and advised that she could not remain on premises while the search warrant
was conducted. At approximately 6:00 PM, the defendant arrived at the premises and
announced to Detective Cote: "Go ahead and arrest me now. My girlfriend had nothing
to do with this." Detective Cote responded by asking whether the defendant wished to
talk, and the defendant responded that he did not.

The defendant was transported to the Augusta Police Department by Detectives Cote
and Dos Santos. Upon arrival at the police station, the defendant was brought to an
interview room. From the testimony of the officers, combined with the video provided
by the defense, the court determines that the following occurred at the police station:
The defendant was alone in the interview room for approximately two minutes,
handcuffed behind his back. Detective Dos Santos came into the room and spent less
than two minutes describing what had occurred that day to the defendant. Detective
Dos Santos explained that Angela Sousa had been arrested and charged with Possession
of Scheduled Drugs, although the detective did not know the amount of bail set on the
Sousa matter. The defendant replied to this information "She had nothing to do with it.
Its all me". The detective finished his preliminary talk, telling the defendant that it was
nothing personal, and that he (the detective) was primarily interested in the stolen tools

found upon the premises, although he could not give the defendant a free pass on anything that had occurred. At this point, Detective Dos Santos read the defendant his Miranda warning, and the defendant invoked, declining to speak further with the detective. The detective then said that the defendant could reach out to him, should the defendant change his mind.

On December 23, 2014, the defendant filed a motion to suppress statements, alleging that the statements made by the defendant during his encounter with the police on September 17, 2014, were in violation of Miranda v. Arizona, 384 U.S. 436 (1966). The defendant further alleged that his statements were obtained in violation of his sixth amendment right to counsel.

## DISCUSSION

During the hearing, the defendant's counsel stated that she was not seeking to suppress the statements made by the defendant while at his residence, before his transport to the police station. The court determines that these statements were not made as the result of any interrogation conducted by the police, and were spontaneously made by the defendant, without any prompting from the police. The defendant does seek suppression of statements made by him at the police station. In Rhode Island v. Innis, 446 U.S. 291 (1980) the United States Supreme Court held that "the term interrogation under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. The latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police." Id. at 292.

In the present case, the defendant contends that the mentioning of Angela Sousa's arrest on drug possession charges prompted the defendant to declare that "she had nothing to do with this. Its all me". The defendant asks the court to conclude that Detective Dos Santos was aware that the defendant had made a similar statement at the house as Detective Dos Santos's supplemental police report reported that the defendant had made these statements prior to transport to the police station. At the hearing, Detective Dos Santos testified that his recollection was that he had only been informed by Detective Cote that the defendant had asked to be arrested, upon arrival at his residence. Looking back, Detective Dos Santos, could not be positive as to what statements of the defendant he was aware of, as he brought the defendant to the police station.

In State v. Bragg, 48 A.3d 769, our Law Court considered an appeal from a trial court's denial of the defendant's motion to suppress evidence. In Bragg, the police discovered that Ms. Bragg had gone off of a rural road in Rockport, while on routine patrol. Following observations, and certain field-sobriety tests, Bragg was placed under arrest for OUI. When the police advised her that her blood alcohol test was a .13, Bragg responded that she had thought that when she ordered the second margarita at dinner it was probably a bad idea. Id. at 771. The court ruled that "although we have not yet addressed this exact issue, other courts have recognized that simply presenting a defendant with evidence against her does not necessarily constitute an interrogation for Miranda purposes. (citing Caputo v. Nelson, 455 F.3d 45, 50-51 (1st Cir. 2006). The

court in Bragg, also cited with approval that "The Innis definition of interrogation is not so broad as to capture within Miranda's reach all declaratory statements made by police officers concerning the nature of the charges against the suspect and the evidence relating to those charges." (citing Easley v. Frey 433 F.3d 969, 974 (7th Cir. 2006). Finally, the court in Bragg concluded that "although Bragg argues that the information was given in such a manner as to be reasonably likely to elicit an incriminating response, Ford's statement that her blood alcohol level was over the state limit was, in this context, "a matter of fact communication of the evidence". As the state correctly points out, pursuant to Maine law, Bragg was entitled to that information at her request...Given that Bragg was entitled to that information, the officer's simple statement relating that information, though unrequested, does not constitute a statement reasonably likely to elicit an incriminating response". Id. Bragg. At 773-774.

In the present case, Detective Dos Santos provided the defendant with a brief summary as to what had occurred and what evidence had been seized. The defendant was not invited to or encouraged to respond to the detective's statement. The defendant reiterated to Detective Dos Santos, what he had informed Detective Cote, at the residence previously, that Angela Sousa had nothing to do with what had been discovered at the residence. Dos Santos stopped the defendant from making any further statements. After the defendant invoked his rights, following a reading of his Miranda warning, the police quickly ended any communication with the defendant. The entire exchange between the defendant and Detective Dos Santos at the police station lasted less than five minutes.

The court cannot conclude that the actions of Detective Dos Santos in providing the defendant with a summary of the evidence against him, and information as to the status of Ms. Sousa, constitutes a statement reasonably likely to elicit an incriminating response, nor was such a statement calculated to do so.

Accordingly, the defendant's motion to suppress is denied.

Dated: July 24, 2015

_____
JUDGE, MAINE DISTRICT COURT

STATE OF MAINE
   vs
FRANKLIN F ARBOUR, JR
58 RIVER ST #2
AUGUSTA ME 04332

DOB: 05/03/1976
Attorney: LUANN CALCAGNI
         LAW OFFICES OF LUANN L. CALCAGNI
         BOX 265
         WINTHROP ME 04364
         APPOINTED 10/10/2014

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2014-00958

**DOCKET RECORD**

State's Attorney: KATIE SIBLEY

Filing Document: CRIMINAL COMPLAINT          Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 09/19/2014

## Charge(s)

1   AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS  09/17/2014 AUGUSTA
Seq 9064  17-A  1105-A(1)(H)          Class A


2   AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS  09/17/2014 AUGUSTA
Seq 11550 17-A  1105-A(1)(B)(1)       Class A


3   AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS  09/17/2014 AUGUSTA
Seq 11550 17-A  1105-A(1)(B)(1)       Class A


4   UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS    09/17/2014 AUGUSTA
Seq 8541  17-A  1103(1-A)(A)          Class B


5   UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS    09/17/2014 AUGUSTA
Seq 8546  17-A  1103(1-A)(F)          Class C


6   AGGRAVATED CULTIVATING OF MARIJUANA        09/17/2014 AUGUSTA
Seq 11562 17-A  1105-D(1)(A)(2)       Class B


7   UNLAWFUL POSSESSION OF SCHEDULED DRUG      09/17/2014 AUGUSTA
Seq 8566  17-A  1107-A(1)(A)(2)       Class B


8   UNLAWFUL POSSESSION OF SCHEDULED DRUG      09/17/2014 AUGUSTA
Seq 8568  17-A  1107-A(1)(B)(1)       Class C


## Docket Events:

09/19/2014 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 09/19/2014

09/19/2014 Charge(s): 1,2,3,4,5,6,7,8

HEARING - INITIAL APPEARANCE SCHEDULE OTHER COURT ON 09/19/2014 at 01:00 p.m.

WATDC

09/23/2014 Charge(s): 1,2,3,4,5,6,7,8
HEARING - INITIAL APPEARANCE HELD ON 09/19/2014

09/23/2014 Charge(s): 1,2,3,4,5,6,7,8
HEARING - STATUS CONFERENCE SCHEDULED FOR 11/25/2014 at 10:00 a.m.

09/23/2014 Charge(s): 1,2,3,4,5,6,7,8
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 09/19/2014

09/23/2014 BAIL BOND - $100,000.00 CASH BAIL BOND SET BY COURT ON 09/19/2014

NO USE/POSS OF ALCHOLIC BEV OR ILLEGAL DRUGS..TO BE SEARCHED AND TESTED AT ANY TIME..NO
CONTACT W/ANGIE SOUSA  CURFEW 9 PM TO 6 AM..MAY BE REVIEWED.
10/10/2014 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 10/10/2014

10/13/2014 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 10/10/2014
ROBERT E MULLEN , JUSTICE
COPY TO PARTIES/COUNSEL
10/13/2014 Party(s): FRANKLIN F ARBOUR JR
ATTORNEY - APPOINTED ORDERED ON 10/10/2014

Attorney: LUANN CALCAGNI
10/13/2014 Charge(s): 1,2,3,4,5,6,7,8
HEARING - STATUS CONFERENCE NOTICE SENT ON 10/10/2014

11/19/2014 Charge(s): 1,2,3,4,5,6,7,8
HEARING - STATUS CONFERENCE NOT HELD ON 11/14/2014

11/19/2014 Charge(s): 1,2,3,4,5,6,7,8
SUPPLEMENTAL FILING - INDICTMENT FILED ON 11/14/2014

11/19/2014 Charge(s): 1,2,3,4,5,6,7,8
HEARING - ARRAIGNMENT SCHEDULED FOR 11/25/2014 at 10:00 a.m.

11/19/2014 Charge(s): 1,2,3,4,5,6,7,8
HEARING - ARRAIGNMENT NOTICE SENT ON 11/19/2014

11/20/2014 OTHER FILING - NOTICE OF JOINDER FILED BY STATE ON 11/18/2014

11/20/2014 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 11/05/2014

11/25/2014 Charge(s): 1,2,3,4,5,6,7,8
HEARING - ARRAIGNMENT HELD ON 11/25/2014
DONALD H MARDEN , JUSTICE
READING WAIVED. DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT.  21 DAYS TO FILE MOTIONS
11/25/2014 Charge(s): 1,2,3,4,5,6,7,8
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 11/25/2014

11/25/2014 TRIAL - DOCKET CALL SCHEDULED FOR 01/05/2015 at 09:30 a.m.

11/25/2014 BAIL BOND - $35,000.00 CASH BAIL BOND SET BY COURT ON 11/25/2014
DONALD H MARDEN , JUSTICE
CASH OR 60,000.00 SURITY...NO USE/POSS OF ALCHOLIC BEV OR ILLEGAL DRUGS TO BE SEARCHED AND
TESTED AT ANY TIME...NO CONTACT W/ANGIE SOUSA..CURFEW 9PM - 6 AM.

12/19/2014 MOTION -  MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 12/19/2014

12/23/2014 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 12/23/2014

12/23/2014 MOTION -  MOTION RELIEF PREJUDICIAL JOIN FILED BY DEFENDANT ON 12/23/2014

12/23/2014 MOTION -  MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 12/23/2014

12/23/2014 HEARING -  MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 02/03/2015 at 10:30 a.m.


NOTICE  TO PARTIES/COUNSEL
12/23/2014 HEARING -  MOTION RELIEF PREJUDICIAL JOIN SCHEDULED FOR 02/03/2015 at 10:30 a.m.

12/23/2014 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 02/03/2015 at 10:30 a.m.


NOTICE  TO PARTIES/COUNSEL
01/05/2015 TRIAL -  DOCKET CALL HELD ON 01/05/2015
M MICHAELA MURPHY , JUSTICE
Defendant Present in Court
01/05/2015 Charge(s): 1,2,3,4,5,6,7,8
TRIAL -  DOCKET CALL SCHEDULED FOR 02/03/2015 at 10:30 a.m.

01/05/2015 Party(s):  STATE OF MAINE
ATTORNEY -  WITHDRAWN ORDERED ON 01/05/2015


Attorney:  MAEGHAN MALONEY
01/05/2015 Party(s):  STATE OF MAINE
ATTORNEY -  RETAINED ENTERED ON 01/05/2015


Attorney:  KATIE SIBLEY
01/20/2015 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 01/20/2015

02/04/2015 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 02/03/2015


3RD MOTION FILED BY DEF.
02/04/2015 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 02/03/2015


DEF'S SUPPLEMENTAL MOTION IN SUPPORT OF FRANKS HEARING.
02/09/2015 Charge(s): 1,2,3,4,5,6,7,8
TRIAL -  DOCKET CALL HELD ON 02/03/2015
ANDREW M HORTON , JUDGE
Defendant Present in Court
02/09/2015 HEARING -  MOTION RELIEF PREJUDICIAL JOIN CONTINUED ON 02/03/2015

02/09/2015 HEARING -  MOTION FOR DISCOVERY CONTINUED ON 02/03/2015

02/09/2015 HEARING -  MOTION TO SUPPRESS STATEMENT CONTINUED ON 02/03/2015

02/09/2015 Charge(s): 1,2,3,4,5,6,7,8
        HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 03/18/2015 at 08:30 a.m.

02/09/2015 Charge(s): 1,2,3,4,5,6,7,8
        HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 02/09/2015

03/23/2015 Charge(s): 1,2,3,4,5,6,7,8
        HEARING - DISPOSITIONAL CONFERENCE HELD ON 03/18/2015
        ROBERT E MULLEN , JUSTICE
03/26/2015 Charge(s): 1,2,3,4,5,6,7,8
        TRIAL - DOCKET CALL SCHEDULED FOR 04/08/2015 at 09:15 a.m. in Room No. 1

03/26/2015 Charge(s): 1,2,3,4,5,6,7,8
        TRIAL - DOCKET CALL NOTICE SENT ON 03/26/2015

04/15/2015 Charge(s): 1,2,3,4,5,6,7,8
        TRIAL - DOCKET CALL HELD ON 04/08/2015
        M MICHAELA MURPHY , JUSTICE
        Defendant Present in Court

        SET ALL MOTIONS FOR 5/26 AND DOCKET CALL 6/1/15
04/15/2015 Charge(s): 1,2,3,4,5,6,7,8
        TRIAL - DOCKET CALL SCHEDULED FOR 06/01/2015 at 09:30 a.m. in Room No. 3

04/15/2015 HEARING - OTHER MOTION SCHEDULED FOR 05/26/2015 at 08:30 a.m. in Room No. 1

        MOTION IN SUPPORT OF FRANK'S HEARING
04/15/2015 HEARING - OTHER MOTION NOTICE SENT ON 04/15/2015

        MOTION IN SUPPORT OF FRANK'S HEARING
04/15/2015 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 05/26/2015 at 08:30 a.m. in Room No. 1

        NOTICE TO PARTIES/COUNSEL
04/15/2015 HEARING - MOTION FOR DISCOVERY NOTICE SENT ON 04/15/2015

04/15/2015 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 05/26/2015 at 08:30 a.m. in Room No. 1

        NOTICE TO PARTIES/COUNSEL
04/15/2015 HEARING - MOTION FOR DISCOVERY NOTICE SENT ON 04/15/2015

04/15/2015 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 05/26/2015 at 08:30 a.m. in Room No. 1

        NOTICE TO PARTIES/COUNSEL
04/15/2015 HEARING - MOTION TO SUPPRESS STATEMENT NOTICE SENT ON 04/15/2015

04/15/2015 HEARING - MOTION RELIEF PREJUDICIAL JOIN SCHEDULED FOR 05/26/2015 at 08:30 a.m. in Room No. 1

04/15/2015 HEARING - MOTION RELIEF PREJUDICIAL JOIN NOTICE SENT ON 04/15/2015

04/15/2015 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 05/26/2015 at 08:30 a.m. in Room No. 1

        NOTICE TO PARTIES/COUNSEL
04/15/2015 HEARING - MOTION FOR DISCOVERY NOTICE SENT ON 04/15/2015

04/15/2015 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 05/26/2015 at 08:30 a.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
04/15/2015 HEARING - MOTION TO SUPPRESS EVIDENCE NOTICE SENT ON 04/15/2015


04/15/2015 MOTION - MOTION TO AMEND BAIL GRANTED ON 11/25/2014
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL                                          BAIL AMENDED TO
35,000 CASH AND 60,000 SURETY
06/08/2015 HEARING - MOTION TO SUPPRESS EVIDENCE HELD ON 05/26/2015
M MICHAELA MURPHY , JUSTICE
Attorney: LUANN CALCAGNI
DA: KATIE SIBLEY
Defendant Present in Court
06/08/2015 MOTION - MOTION TO SUPPRESS EVIDENCE DENIED ON 05/26/2015
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL
06/08/2015 HEARING - MOTION RELIEF PREJUDICIAL JOIN NOT HELD ON 05/26/2015


06/08/2015 MOTION - MOTION RELIEF PREJUDICIAL JOIN WITHDRAWN ON 05/26/2015


06/08/2015 MOTION - MOTION FOR DISCOVERY WITHDRAWN ON 05/26/2015


06/08/2015 MOTION - OTHER MOTION DENIED ON 05/26/2015
M MICHAELA MURPHY , JUSTICE
DEF'S SUPPLEMENTAL MOTION IN SUPPORT OF FRANKS HEARING.           DENIED BASED ON
4 CORNERS ARGUMENT AND MOTION DENIED THIS DATE
06/08/2015 HEARING - OTHER MOTION HELD ON 05/26/2015
M MICHAELA MURPHY , JUSTICE
Defendant Present in Court

MOTION IN SUPPORT OF FRANK'S HEARING
06/08/2015 HEARING - MOTION FOR DISCOVERY NOT HELD ON 05/26/2015


06/08/2015 HEARING - MOTION TO SUPPRESS STATEMENT HELD ON 05/26/2015
M MICHAELA MURPHY , JUSTICE
Defendant Present in Court

COURTROOM 1
06/08/2015 Charge(s): 1,2,3,4,5,6,7,8
TRIAL - DOCKET CALL HELD ON 06/01/2015
ROBERT E MULLEN , JUSTICE
Defendant Present in Court
06/08/2015 HEARING - MOTION FOR DISCOVERY NOT HELD ON 05/26/2015


06/08/2015 MOTION - MOTION FOR DISCOVERY MOOT ON 05/26/2015


06/08/2015 Charge(s): 1,2,3,4,5,6,7,8
MOTION - MOTION FOR FINDINGS OF FACT FILED BY DEFENDANT ON 06/01/2015

Attorney: LUANN CALCAGNI
06/08/2015 Charge(s): 1,2,3,4,5,6,7,8

MOTION - MOTION FOR FINDINGS OF FACT DENIED ON 06/08/2015
M MICHAELA MURPHY , JUSTICE
COPY TO PARTIES/COUNSEL
06/08/2015 ORDER - COURT ORDER FILED ON 06/08/2015
M MICHAELA MURPHY , JUSTICE
ORDER ON MOTION FOR FINDINGS AND CONCLUSIONS
06/08/2015 Charge(s): 1,2,3,4,5,6,7,8
TRIAL - DOCKET CALL SCHEDULED FOR 08/03/2015 at 09:30 a.m. in Room No. 3


06/29/2015 HEARING - MOTION FOR DISCOVERY NOT HELD ON 05/26/2015


06/29/2015 MOTION - MOTION FOR DISCOVERY MOOT ON 05/26/2015


06/29/2015 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 07/23/2015 at 08:30 a.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
06/29/2015 HEARING - MOTION TO SUPPRESS STATEMENT NOTICE SENT ON 06/29/2015


06/29/2015 HEARING - OTHER MOTION SCHEDULED FOR 07/23/2015 at 08:30 a.m. in Room No. 1

FRANK'S HEARING
06/29/2015 HEARING - OTHER MOTION NOTICE SENT ON 06/29/2015

FRANK'S HEARING
07/17/2015 HEARING - OTHER MOTION NOT HELD ON 07/17/2015

FRANK'S HEARING
07/23/2015 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 07/21/2015

NEED AAG'S POSITION - SENT TO AAG KATIE SIBLEY 07/23/15
07/28/2015 HEARING - MOTION TO SUPPRESS STATEMENT HELD ON 07/23/2015
EVERT FOWLE , JUDGE
Defendant Present in Court
07/28/2015 MOTION - MOTION TO SUPPRESS STATEMENT UNDER ADVISEMENT ON 07/23/2015
EVERT FOWLE , JUDGE
07/28/2015 MOTION - MOTION TO SUPPRESS STATEMENT DENIED ON 07/24/2015
EVERT FOWLE , JUDGE
COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
Clerk